UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| NICOLAS M. HADDAD, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:05-CV-370-TLS |
| ITT INDUSTRIES, INC., and COLONEL ALI AL-SARRAF, | ) | |
| Defendants. | ) | |

**OPINION**

The Plaintiff, Nicolas M. Haddad, brought five claims in his Complaint against two Defendants, Colonel Ali Al-Sarraf and ITT Industries, Inc. Count One is against ITT for retaliation in violation of the Sarbanes-Oxley Act; Count Two is against ITT for discharge in violation of Public Policy; Count Three is against Ali Al-Sarraf under Federal Sovereign Immunity Act (FSIA); Count Four is against Ali Al-Sarraf and ITT for Tortious Interference with Business Relations; and Count Five is against ITT for blacklisting in violation of the Indiana Blacklisting Statute.

This case was transferred to the Northern District of Indiana from the District Court for the District of Columbia on August 25, 2006, under 28 U.S.C. § 1406(a). The District of Columbia court found that it lacked venue under 28 U.S.C. § 1391 and that the Defendants were amenable to suit in this district. The District of Columbia court did not consider whether this Court would have personal jurisdiction over Defendant Ali Al-Sarraf.

Two motions are pending before this Court. First is Defendant Ali Al-Sarraf's Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for which relief may be granted. Ali Al-Sarraf also asserts immunity under the FSIA. Second, Defendant ITT Industries seeks to be dismissed, claiming the Plaintiff does not state any claims on

which relief may be granted. To resolve Ali Al-Sarraf's challenge to this Court's personal jurisdiction and subject matter jurisdiction, further argument or briefing is necessary.

**A.      Applicability of the FSIA to this Case**

Under FSIA, for a defendant to obtain immunity, he must produce *prima facie* evidence supporting entitlement to immunity. *Global Index, Inc. v. Mkapa*, 290 F. Supp. 2d 108, 110–11 (D.D.C. 2003). The burden then shifts to the plaintiff to present evidence that there is no immunity. *Id.* The defendant bears the ultimate burden of proving his immunity. *Id.*

Title 28 U.S.C. § 1604 states: "Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. "Foreign state" is defined to include agencies and instrumentalities of that state. An entity is an agency or instrumentality when it (1) "is a separate legal person, corporate or otherwise;" (2) "is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof;" and (3) "is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country." 28 U.S.C. § 1603(b).

While other jurisdictions have held that an individual can qualify as an agency or instrumentality of a foreign state, *see, e.g.*, *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996), the Seventh Circuit in *Enahoro v. Abubakar*, 408 F.3d 877 (7th Cir. 2005), held that the FSIA does not apply to individuals. *Id.* at 882–81 ("If Congress meant to include individuals

acting in the official capacity in the scope of the FSIA, it would have done so in clear and unmistakable terms.") Since this case was transferred to this Court under 28 U.S.C. § 1406(a), this Court must apply the law as it would apply had the case commenced in this court; it does not apply the law of the transferor jurisdiction. *GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1084 (6th Cir. 1998); *Amakua Development LLC v. Warner*, 411 F. Supp. 2d 941, 947 (N.D. Ill. 2006). Thus, the law of the Seventh Circuit, including *Enahoro*, applies to this case. Therefore, FSIA immunity is not at issue because the Seventh Circuit does not interpret the FSIA's definition of agency or instrumentality to include individuals and Ali Al-Sarraf is an individual.

In addition, because the FSIA does not apply to Ali Al-Sarraf, it is not available as a basis for subject matter jurisdiction over this Defendant, as claimed by the Plaintiff. The Court will await further argument before determining whether any other basis for subject matter jurisdiction exists for the Plaintiff's claim against Ali Al-Sarraf.

**B.       Personal Jurisdiction**

Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over that person. *Saler v. Irick*, 800 N.E.2d 960 (Ind. Ct. App. 2003). Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal on the basis that the court lacks jurisdiction over it.

Ali Al-Sarraf's argument against the exercise of personal jurisdiction over him was made before this case was transferred to this Court. Ali Al-Sarraf's brief assumes the District of Columbia long-arm statute applies and addresses Ali Al-Sarraf's contacts to District of Columbia. It appears that Ali Al-Sarraf's amenability to suit in the District of Columbia is no longer relevant, as the case

was transferred here under § 1406(a), and this Court must apply the law as though the case had commenced in this forum. Also, this Court has serious doubts as to whether it may exercise personal jurisdiction over Ali Al-Sarraf. Further argument or evidence, taking into account the change in forum, is necessary for the Court to determine whether it may exercise personal jurisdiction over Ali Al-Sarraf.

The Court also notes that when transferring this case pursuant to § 1406(a), the District of Columbia court did not address whether this Court could exercise personal jurisdiction over Ali Al-Sarraf even though the record shows no contacts between Ali Al-Sarraf and Indiana. If the Plaintiff is not able to establish this forum's personal jurisdiction over Ali Al-Sarraf, it is not clear whether the proper course of action would be to transfer the entire case back to the District of Columbia, sever Ali Al-Sarraf and transfer the claim against him back to the District of Columbia, or retain jurisdiction and dismiss Ali Al-Sarraf.

In light of these issues, further briefing or a hearing is required before the Court will allow this litigation to proceed. A telephone conference is SET for Tuesday, June 27, 2006 at 11:00 AM Fort Wayne time before Judge Theresa L. Springmann to determine a briefing schedule or a date for hearing on the issues of this Court's personal and subject matter jurisdiction over Defendant Ali Al-Sarraf. The Court will initiate the telephone conference.

SO ORDERED on June 21, 2006.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT