UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICOLAS M. HADDAD, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:05-CV-370-TLS |
| ITT INDUSTRIES, INC., and COLONEL ALI AL-SARRAF, | ) |
| Defendants. | ) |

**OPINION**

Under consideration is Defendant Ali Al-Sarraf's motion to dismiss and the Plaintiff's motion to transfer the case back to the District Court for the District of Columbia. This Court concludes that it does not have personal jurisdiction over Defendant Al-Sarraf and declines to transfer the case back to the District of Columbia because it does not appear that a District of Columbia court could constitutionally exercise personal jurisdiction over the Defendant in this case.

**A.   Background**

The Plaintiff's Complaint states two claims against Defendant Ali Al-Sarraf. First, the Plaintiff alleges a claim under the Foreign Sovereign Immunities Act. The Court held on June 21, 2006, that the Foreign Sovereign Immunities Act did not apply to Defendant Ali Al-Sarraf, because the Act does not apply to claims against individuals, and dismissed that claim. The remaining claim against Ali Al-Sarraf is the Plaintiff's claim that Ali Al-Sarraf tortiously interfered with his employment contract.

According to the Plaintiff's Complaint, the Plaintiff worked for ITT industries and was terminated for refusing to go along with a bribery scheme. The alleged scheme involved payments

to Ali Al-Sarraf, who was a Colonel in the Kuwaiti military, in return for his approval of a defense contract. After leaving ITT, the Plaintiff agreed to an employment contract with the National Company for Mechanical and Electrical Works, a Kuwaiti company in Kuwait. According to the Plaintiff, Ali Al-Sarraf induced the National Company to terminate the Plaintiff from his job with National Company in Kuwait. The Plaintiff claims Ali Al Sarraf sought to have the Plaintiff fired from his National Company job to cover-up the bribery scheme with ITT and to prevent the Plaintiff from exposing the scheme.

This case was transferred to the Northern District of Indiana from the District Court for the District of Columbia on August 25, 2006, pursuant to 28 U.S.C. § 1406(a). The District of Columbia court found that it was not a proper venue under 28 U.S.C. § 1391 and that the Defendants were amenable to suit in this district. The D.C. court did not consider whether this Court would have personal jurisdiction over Ali Al-Sarraf.

**B.    Transfer to Cure Want of Jurisdiction**

Before the case was transferred to this Court, Ali Al-Sarraf filed a motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction. After considering the motion, this Court asked that the parties brief the issue of whether this Court has personal jurisdiction over Ali Al-Sarraf, and if not, how to proceed with this case. The Plaintiff does not argue that this Court has personal jurisdiction over Ali Al-Sarraf and admits Ali Al-Sarraf had no contact with the state of Indiana. The Plaintiff argues that the case ought to be transferred back to the District of Columbia, and that a District of Columbia court would have personal jurisdiction over Ali Al-Sarraf.

2

**1**.     *Standard for Transfer*

The Plaintiff cites two cases in support of his motion to transfer: *Andersen v. Sportmart, Inc.*, 57 F. Supp. 2d 651, 664–65 (N.D. Ind. 1999), and *Charlesworth v. Marco Manufacturing Co.*, 878 F. Supp. 1196, 1202 (N.D. Ind. 1995). In *Andersen*, the court found that it lacked personal jurisdiction, but that the proposed transferee court would have personal jurisdiction, and so it transferred the case under 28 U.S.C. § 1631. In *Charlesworth*, the court lacked personal jurisdiction, but agreed that venue and personal jurisdiction would be proper for the court for the Central District of California, and transferred the case there pursuant to 28 U.S.C. § 1406. Both cases examined whether the transferee court would have personal jurisdiction over the defendant and concluded that it would before transferring the case there.

The Plaintiff does not state which section justifies transfer in this case, but both § 1406 and § 1631 limit the transfer of a case to a court in which it could originally have been brought. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); § 1631 ("Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .").

Following *Anderson* and *Charlseworth*, before transferring a case under either § 1406 or § 1631, the Court must determine whether a District of Columbia court would have personal jurisdiction over Ali Al-Sarraf. This issue was briefed and evidence was submitted before the

3

District of Columbia court transferred the case here, and the Court will rely on the arguments and evidence already presented in making its determination. Ali Al-Sarraf argues, and the Court agrees, that he ought to be dismissed because a District of Columbia court could not exercise personal jurisdiction over him to consider the Plaintiff's claims.

**2.**     *Standard of Review for Personal Jurisdiction*

Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over that person. Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal on the basis that the court lacks jurisdiction over it.

A complaint need not allege facts establishing personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo*, *S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). However, if a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id.* The plaintiff may not rest upon allegations in his pleadings but must set forth specific facts showing that the court has jurisdiction. *Int'l Steel Co. v. Charter Builders, Inc.*, 585 F. Supp. 816, 819 (S.D. Ind. 1984). Where the parties have not requested an evidentiary hearing, but have filed written submissions and affidavits, as they have here, the plaintiff is only required to make out a prima facie case of personal jurisdiction. *Id.*; *Nelson by Carson v. Park Indus., Inc*., 717 F.2d 1120, 1123 (7th Cir. 1983). The court accepts all factual conflicts in favor of the Plaintiff. *Purdue Research Found.*, 338 F.3d at 782; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

**3.**     *Personal Jurisdiction Over Nonresidents—Long Arm Statute*

In diversity cases, a federal district court has personal jurisdiction over a nonresident "only

4

if a court in which it sits would have such jurisdiction." *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998); *Wilson v. Humphreys Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990). Thus, the inquiry begins with the determination of whether the law of the forum state, here the District of Columbia, would allow its courts to exercise personal jurisdiction over a defendant.

The District of Columbia's long arm statute, D.C. Code § 13-423 states, in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
 (1) transacting any business in the District of Columbia;
 (2) contracting to supply services in the District of Columbia;
 (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
 (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
 . . . .
(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423. "Section 13-423(a)(1) of the long-arm statute permits the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the Constitution." *Jung v. Assoc. of Am. Med. Colls.*, 300 F. Supp. 2d 119, 128 (D.D.C. 2004). Because the statutory determination is coterminous with the Due Process inquiry, it is necessary to determine whether the District of Columbia's exercise of personal jurisdiction would violate due process.

**4.     *Personal Jurisdiction Over Nonresidents—Due Process***

Due process requires that a non-resident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Miliken*

5

*v. Meyer*, 311 U.S. 457, 463 (1940)). Due process also requires that these contacts be "purposeful." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). How this standard is applied depends on whether the forum state asserts "specific" or "general" jurisdiction. Specific jurisdiction exists when the suit arises out of, or is related to, the defendant's minimum contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). However, where the defendant's contacts with the forum state are "continuous and systematic general business contacts," and the basis of the suit does not arise out and is unrelated to these contacts, general jurisdiction exists. *Id*. at 416. For general jurisdiction, contacts must be so extensive as to amount to a constructive presence in the state so that it "would be fundamentally fair to require it to answer in the [forum's court] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research*, 338 F.3d at 787 & n.16.

An analysis of specific jurisdiction begins with the minimum contacts test annunciated by the Supreme Court in *International Shoe*. *See Purdue Research Found.*, 338 F.3d at 780. In order for certain contacts to be sufficient in maintaining jurisdiction by a forum state, the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *Int.'l Shoe*, 326 U.S. at 316. "[T]he defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there to answer for his conduct." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The acts must be purposeful, not a "random or fortuitous or attenuated contacts, or the unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475 (internal quotations and citations omitted). A single contact with a forum state may be enough to establish specific personal jurisdiction as long as the contact creates a "substantial connection" with the state and is the basis of the suit. *McGee v. Int'l*

6

*Life Ins. Co.*, 355 U.S. 220 (1957); *Snyder v. Smith*, 736 F.2d 409, 416 (7th Cir. 1984). To determine whether specific jurisdiction exists, the court must assess the relationship among the defendant, the forum, and the litigation. *NUCOR v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir. 1994).

**5.**     *Plaintiff's Evidence*

Ali Al-Sarraf stated in his affidavit that he is a Kuwaiti citizen and has never been a resident or citizen of the District of Columbia. From January 1, 2004 to June 14, 2004, Ali Al-Sarraf was not present in this country. Ali Al-Sarraf is a Colonel in the Kuwaiti military and spent a year in Washington, D.C., starting on June 14, 2004, for training at Fort McNair for his job as a Technical Advisor to the Kuwait Ministry of Defense.

The Plaintiff submitted an affidavit stating that after he was terminated from his job with Defendant ITT, he obtained employment in Kuwait with National Company on January 18, 2004. He claims that, due to Ali Al-Sarraf's tortious interference, he was terminated from his employment in Kuwait on March 18, 2004. The Plaintiff claims Ali Al-Sarraf sought to have the Plaintiff fired from his National City job to silence the Plaintiff and keep hidden the bribes he received from ITT in connection with a defense contract.

**6.**     *Analysis*

The Plaintiff argues that Ali Al-Sarraf could be subject to the District of Columbia court's jurisdiction because he took classes in the District of Columbia in the course of his employment, and he also took bribes in the course of his employment. (Pl. Br. Opposing Al-Sarraf's Mot. Dismiss 16,

7

DE 19.) No case is offered in support of this argument.

The facts alleged by the Plaintiff would not support the exercise of specific jurisdiction over Ali Al-Sarraf by a District of Columbia forum. Ali Al-Sarraf's job training in the District of Columbia occurred after the alleged tortious interference and has no connection to the Plaintiff's claims. In fact, the Plaintiff's claims have nothing to do with the District of Columbia. The Plaintiff alleges that the Defendant, a Kuwaiti citizen working for the Kuwaiti government in Kuwait, tortiously interfered with the Plaintiff's employment contract to work for a Kuwaiti company in Kuwait. All of the relevant facts took place in Kuwait before Ali Al-Sarraf came to the District of Columbia. Because Ali Al-Sarraf engaged in no conduct directed toward the District of Columbia, and the conduct had no obvious effect in the District of Columbia, Ali Al-Sarraf could not possibly have anticipated being haled into court there to answer for his conduct in Kuwait.

The Plaintiff has not raised general jurisdiction or offered any case suggesting a student temporarily taking classes in a jurisdiction is within the general jurisdiction of the forum. The Court also has not found such a case, and holds that the Defendant's temporary contacts with the District of Columbia to obtain training are not so continuous and systematic so as to make it fundamentally fair to allow a District of Columbia court to hear disputes unrelated to the Defendant's temporary stay there.

**ORDER**

Defendant Ali Al-Sarraf is DISMISSED because this Court does not have personal jurisdiction over him. The Plaintiff's motion to transfer is DENIED because it does not appear that a forum in the District of Columbia could exercise personal jurisdiction over Ali Al-Sarraf.

SO ORDERED on August 22, 2006.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT